IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION<br>NO. 15-00302 |
| KENNETH HAMPTON, *et al.*, | |
| *Defendants*. | |

**PAPPERT, J.**                                                                                          September 27, 2016

**<u>MEMORANDUM</u>**

On July 7, 2015 a federal grand jury indicted Kenneth Hampton ("Hampton"), Ellis Hampton, Terrell Hampton and Roxanne Mason for violations of 18 U.S.C §§ 2, 371, 1343, 1349, and 1028A. (ECF No. 1.) A superseding indictment was filed April 19, 2016 and a second superseding indictment followed on September 20, 2016.[1] (ECF Nos. 86 & 124.) On March 28, 2016 Hampton moved for the early disclosure of Jencks Act material pursuant to Federal Rule of Criminal Procedure 26.2.[2] The government filed a response on May 2, 2016. (ECF No. 91.) The Court denies Hampton's motion.

The Jencks Act provides that "no statement or report in the possession of the United States which was made by a Government witness . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). "After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject

---

[1]     The second superseding indictment was necessitated by Ellis Hampton's death.

[2]     Terrell Hampton moved to join this motion, (ECF No. 80) which the Court allowed him to do, (ECF No. 127).

1

matter as to which the witness has testified." 18 U.S.C. § 3500(b); *see United States v. Heilman*, 377 F. App'x 157, 195 (3d Cir. 2010); *United States v. Weaver*, 267 F.3d 231, 245 (3d Cir. 2001). Rule 26.2 and the Jencks Act are "virtually identical [and the] provisions can be used interchangeably." *Heilman*, 377 F. App'x at 195. "[I]ssues analyzed under either rule would render the same result." *Id.*

The Third Circuit Court of Appeals has explained that a district court cannot compel early production of Jencks Act material. "The blunt command of the statute together with the unequivocal legislative history has led to unbroken precedent in the Courts of Appeals denying to district courts the power to compel production of the statements of government witnesses until conclusion of direct examination at the trial." *United States v. Murphy*, 569 F.2d 771, 773 (3d Cir. 1978). Hampton seeks pretrial disclosure of all Jencks Act material. Granting Hampton's request would contravene the plain language of the statute and binding Third Circuit precedent.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.