IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | CRIMINAL ACTION NO. 15-302 |
| KENNETH HAMPTON, *et al.*, | |
| *Defendants*. | |

**PAPPERT, J.**  May 2, 2017

**MEMORANDUM**

On July 7, 2015, a federal grand jury indicted Kenneth Hampton, Ellis Hampton, Terrell Hampton and Roxanne Mason for violations of 18 U.S.C. §§ 2, 371, 1343, 1349, and 1028A. (ECF No. 1.) A superseding indictment was filed April 19, 2016, and a second superseding indictment followed on September 20, 2016.[1] (ECF Nos. 86 & 124.) Trial begins on June 1, 2017. On April 6, the Government filed a motion seeking to admit evidence, in the event that Kenneth testifies, of his prior convictions for purposes of impeachment pursuant to Federal Rule of Evidence 609. (ECF No. 215.) For the following reasons, the Court grants the Government's motion in part and reserves judgment on the remaining issues for trial.

I.

The second superseding indictment alleges that Kenneth, Terrell and Mason identified abandoned properties, forged deeds to the properties and then sought to benefit from the properties by, *inter alia*, using them for housing and defrauding

---

[1] The second superseding indictment was necessitated by Ellis Hampton's death.

1

government programs and unsuspecting third-party buyers.  They are charged with various counts of wire fraud, aggravated identity theft and conspiracy.

According to the Government, Kenneth has "sustained six distinct criminal episodes involving felony convictions." (Gov.'s Mot., at 2.)  These include: (1) Robbery (1980, Philadelphia Court of Common Pleas); (2) Conspiracy to Distribute Crack Cocaine, Receipt of Firearm by Felon, Distribution of Cocaine and Mail Fraud (1994, E.D. Pa.); (3) Conspiracy and Aiding and Abetting the Manufacture of Counterfeit Currency (2005, E.D. Pa.); (4) Forgery, Tampering with Records of Identification, Deceptive Business Practices and Possession of Instrument of Crime (2005, Montgomery County Court of Common Pleas); (5) Conspiracy to Commit Theft by Deception (2005, Superior Court of New Jersey); and (6) Conspiracy to Manufacture and Transfer Counterfeit Currency and Manufacturing Counterfeit Currency with Intent to Defraud (2010, E.D. Pa.).  (*Id.* at 3.)

The Government correctly concedes that the 1980 robbery conviction and the 1994 convictions related to the distribution of narcotics and receipt of a firearm are not admissible under Rule 609.  (*Id.* at 17 n.3.)  The Government contends that the 2005 and 2010 convictions relating to the manufacture of counterfeit currency must be admitted pursuant to Rule 609(a)(2).  (*Id.* at 7–12.)  Finally, the Government contends that the remaining convictions (1994 mail fraud; 2005 forgery, tampering and deceptive practices; and 2005 conspiracy to commit theft) may be admissible pursuant to Rule 609(a)(1) and asks the Court to reserve ruling on these until trial.  (*Id.* at 12–17.)

## II.

Federal Rule of Evidence 609 states in pertinent part:

(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>
>> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement.

(b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

FED. R. EVID. 609.

## III.

**A. Admissibility of 2005 and 2010 convictions relating to the manufacture of counterfeit currency**

In 2005, Kenneth pleaded guilty to conspiring to pass counterfeit currency with intent to defraud, in violation of 18 U.S.C. §§ 371, 472–73. (Gov.'s Mot., at 7.) He also pleaded guilty to manufacturing counterfeit currency with intent to defraud, in violation of 18 U.S.C. § 471. (*Id.* at 8.) In 2010, Kenneth pleaded guilty to both

conspiring to manufacture and pass counterfeit currency, in violation of 18 U.S.C. §§ 371, 471, 473, and manufacturing counterfeit currency with intent to defraud, in violation of 18 U.S.C. § 471.  (*Id.*)

The Government contends that all of these convictions must be admitted pursuant to Rule 609(a)(2).  (*Id.* at 7–12.)  Rule 609(a) divides prior convictions into two distinct categories, each with its own rule of admissibility; Rule 609(a)(2) governs the admissibility of *crimen falsi* convictions, for which establishing the elements of the crime requires proof (or admission) of a dishonest act or false statement.  Under Rule 609(a)(2), "if the prior conviction involved dishonesty or false statements, the conviction is automatically admissible insofar as the district court is without discretion to weigh the prejudicial effect of the proffered evidence against its probative value."  *Walker v. Horn*, 385 F.3d 321, 334 (3d Cir. 2004) (quoting *Walden v. Georgia–Pacific Corp.*, 126 F.3d 506, 523 (3d Cir. 1997)).

The Third Circuit Court of Appeals has acknowledged that crimes involving "dishonesty or false statements" include those "that are in the nature of perjury or subordination of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully."  *Gov't of the Virgin Islands v. Toto*, 529 F.2d 278, 282 (3d Cir. 1976) (quoting The Report of the House and Senate Conferees regarding Rule 609(a)).

Kenneth's 2005 and 2010 convictions relating to counterfeit currency qualify as *crimen falsi*.  All of these crimes explicitly include an "intent to defraud" as a required

4

element.  *See* 18 U.S.C. §§ 471 ("Whoever, with intent to defraud falsely makes, forges, counterfeits, or alters any obligation or other security of the United States . . . "); *id.* § 472 ("Whoever, with intent to defraud, passes, utters, publishes, or sells, . . . any falsely made, forged, counterfeited, or altered obligation or other security of the United States . . . "); *id.* § 473 ("Whoever . . . transfers . . . any false, forged, counterfeited, or altered obligation or other security of the United States, with the intent that the same be passed, published, or used as true and genuine . . . ").

Because these crimes required the Government to prove not only Kenneth's knowledge that the currency was counterfeit, but also that he had an intent to defraud, they encompass the requisite "element of deceit, untruthfulness, or falsification bearing on the witness's propensity to testify truthfully."  *See* FED. R. EVID. 609, Advisory Committee Note (2006 Amendment); *see also United States v. Morrow*, 977 F.2d 222, 228 (6th Cir. 1992) ("The term 'counterfeit' implies a sham or bogus act.  To use counterfeit money is of necessity to trade on the inauthenticity and misrepresentative character of such currency.  Counterfeit cash is a pretender to the real thing, and dishonesty is a core ingredient in the offense of counterfeiting."); *United States v. Cuozzo*, 962 F.2d 945, 948 (9th Cir. 1992) (holding that since passing counterfeit money is a *crimen falsi*, it follows that conspiracy and aiding and abetting the dealing of counterfeit obligations or securities likewise qualify as *crimen falsi*); *United States v. Noble*, 754 F.2d 1324, 1331 (7th Cir. 1985) (affirming district court's admission of prior counterfeiting conviction under Rule 609(a)(2)); *United States v. Harris*, 738 F.2d 1068, 1073 (9th Cir. 1984) (passing counterfeit money is a *crimen falsi*); *United States v. Watkins*, No. 08-30070, 2009 WL 927494, at *1 (C.D. Ill. Apr. 2, 2009).

5

The counterfeiting convictions therefore must be admitted pursuant to Rule 609(a)(2) unless they are barred by Rule 609(b), which places additional limitations on the admissibility of convictions that are more than ten years old. *See* FED. R. EVID. 609(b). The age of a conviction is measured from the date of the conviction or the date of the defendant's release from confinement for it, whichever is later. *See id.* Moreover, several courts have held that because confinement for a violation of supervised release is imposed on the underlying conviction itself, where a defendant was reincarcerated for a substantive violation of supervised release within the ten-year period, the conviction is considered timely even though the initial imprisonment concluded outside of the ten-year window.[2] *See, e.g.*, *United States v. Lapteff*, 160 F. App'x 298, 303–04 (4th Cir. 2005); *United States v. Gray*, 852 F.2d 136, 139 (4th Cir. 1988); *United States v. McClintock*, 748 F.2d 1278, 1288 (9th Cir. 1984); *United States v. Brewer*, 451 F. Supp. 50, 52 (E.D. Tenn. 1978). Though the Third Circuit has not addressed this issue, at least two courts in this circuit have adopted and applied this principle. *See United States v. Millhouse*, No. 06-397, 2007 WL 1366974, at *3 (E.D. Pa. May 7, 2007); *United States v. Flood*, No. 3:2004-36, 2007 WL 1314612, at *5 (W.D. Pa. May 4, 2007).

The 2010 convictions fall within the ten-year timeframe. Kenneth was arrested in February 2009, convicted on March 24, 2010 and sentenced to 84 months' imprisonment for the two counterfeiting offenses. (Gov.'s Mot., at 3, 11.) At the time of

---

[2] The Ninth Circuit applies this principle in narrow cirumcstances—re-confinement based on a parole or probation violation will only renew the conviction for purposes of Rule 609(b) if the conduct for which the defendant is reincarcerated is "substantively related or parallel to" the crime for which he was originally convicted. *See United States v. Wallace*, 848 F.2d 1464, 1472 (9th Cir. 1988) (citing *McClintock*, 748 F.2d at 1288). Thus, "technical violations or violations not implicating the original crime do not toll the ten-year limit of Rule 609(b)." *United States v. Rochelle*, 131 F.3d 150 (9th Cir. 1997); *see also United States v. Millhouse*, 2007 WL 1366974, at *4 (E.D. Pa. May 7, 2007) (adopting and applying this standard). Kenneth's 2005 convictions are timely because he violated his parole by committing more federal counterfeiting offenses and was thus reincarcerated for conduct parallel to the crime for which he was originally convicted.

his 2009 arrest, however, Kenneth was still on supervised release in connection with his 2005 federal counterfeiting convictions. (*Id.* at 4, 12.) As a result, on November 18, 2010, after his 2010 convictions were already final, Kenneth was sentenced to an additional term of twelve months imprisonment on November 8, 2010 for violating a substantive provision of the supervised release imposed as part of his 2005 sentence. (Gov.'s Mot., at 3–4, 12.) The 2005 counterfeiting convictions, for which Kenneth was reincarcerated in 2010, also fall within the ten-year window.

Because the 2005 and 2010 counterfeiting convictions qualify as *crimen falsi* and are less than ten years old, they must be admitted under Rule 609(a)(2) in the event that Kenneth chooses to testify. *See Walker*, 385 F.3d at 334.

**B. Admissibility of 2005 convictions for forgery, tampering with records of identification, deceptive business practices, possession of instrument of crime and conspiracy to commit theft by deception**

In contrast to Rule 609(a)(2), Rule 609(a)(1) and (b)(1) impose balancing tests upon the admission of felony convictions that do not constitute *crimen falsi* and convictions that fall outside the ten-year window. The remainder of Kenneth's prior convictions are untimely and would therefore only be admissible if the court determines that their "probative value, supported by specific facts and circumstances, substantially outweighs [their] prejudicial effect." *See* FED. R. EVID. 609(b)(1); *Slade*, 2013 WL 5873576, at *3. The following factors determine whether the probative value of a prior conviction outweighs its prejudicial effect: (1) the nature of the crime; (2) when the conviction occurred; (3) the importance of the defendant's testimony; and (4) the degree to which the defendant's credibility is central to the case. *Gov't of Virgin Islands v.*

7

*Bedford*, 671 F.2d 758, 761 (3d Cir. 1982); *see also Caldwell*, 760 F.3d at 286 (reaffirming the *Bedford* factors).

Because the Court's analysis of these factors, particularly the latter two, would likely change as the trial progresses, the Court declines to decide the issues at this time and will do so at a later date should Kenneth choose to testify. *See Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 518 (3d Cir. 1997) ("[M]otions in *limine* often present issues for which final decision is best reserved for a specific trial situation.").

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.