IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KENNETH HAMPTON, *et al.*<br><br>   *Defendants.* | CRIMINAL ACTION<br>NO. 15-00302 |

**PAPPERT, J.**                        May 3, 2017

## **MEMORANDUM**

On July 7, 2015 a grand jury indicted Kenneth Hampton, Ellis Hampton, Terrell Hampton and Roxanne Mason for violations of 18 U.S.C §§ 2, 371, 1343, 1349, and 1028A. (ECF No. 1.) A superseding indictment was filed April 19, 2016, and a second superseding indictment, necessitated by Ellis Hampton's death, followed on September 20, 2016. (ECF Nos. 86 & 124.) The second superseding indictment alleges that the Defendants conspired to identify abandoned properties, forged deeds to those properties and then, among other things, used them for housing and defrauded government programs and third-party buyers. Trial begins on June 1, 2017. On April 6, 2017, Kenneth filed a motion *in limine* to admit evidence of Roxanne Mason's prior testimony in an unrelated trial. (ECF No. 217.) The Government filed its response on April 12, 2017. (ECF No. 219.) For the reasons that follow, the Court denies the motion.

**I.**

Kenneth seeks to admit Mason's counseled testimony from a suppression hearing in a prior, unrelated prosecution of Terrell Hampton, Kenneth's son. As part of her testimony, Mason suggested that she slept with numerous men while Kenneth was in prison; she also noted that she was in an intimate relationship with Terrell.

1

Kenneth contends this evidence undermines the Government's position in this case that Kenneth was in a romantic relationship with Mason and suggests Mason and Terrell acted independently in carrying out the conspiracy.[1] The Government argues that there is no logical connection between Mason's dalliances and Kenneth's role in the conspiracy. (Gov't Mem., at 9–11.) It asserts that the prior testimony is inadmissible under Rules 401 and 403. (*Id.*)

## II.

Rule 401 "does not raise a high standard." *Moyer v. United Dominion Idus., Inc.*, 473 F.3d 532, 544–54 (3d Cir. 2007) (quoting *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004)). Instead, relevant evidence is defined broadly: evidence is irrelevant only if "it has no tendency to prove a consequential fact." *United States v. Starnes*, 583 F.3d 196, 212–14 (3d Cir. 2009).

This evidence is at least minimally relevant to Kenneth's alleged role in the conspiracy. If the government introduces evidence of Kenneth and Mason's "closeness of relationship" to support their case, Mason's prior statements would be relevant to rebut that evidence. At oral argument, Kenneth's counsel also argued that if Terrell or Mason's counsel suggest they were under Kenneth's control and only acted to appease him, Mason's prior testimony could rebut this and show she and Terrell acted without Kenneth's control. Though tenuous, this evidence could therefore have some tendency to prove a consequential fact at issue in this case.

The Government also addresses whether Mason's prior testimony is relevant to Kenneth withdrawing from the conspiracy. (Gov't Mem., at 10.) It is not. Withdrawal

---

[1] Kenneth acknowledges that his communications with Mason were peppered with phrases such as "I love you," and "I plan to make you my wife," implying a close romantic relationship between Kenneth and Mason. (Def.'s Mem., at 1.)

2

from a conspiracy requires either that a defendant "gave notice to his co-conspirators that he disavows the purpose of the conspiracy or that he did acts inconsistent with the object of the conspiracy." *United States v. Allen*, 492 F. App'x 273, 277 (3d Cir. 2012). Because this evidence does not make either of those possibilities more probable, it is not relevant to withdrawal.

## III.

Accepting that Mason's prior testimony is minimally relevant, its probative value is substantially outweighed by its potential for unfair prejudice, confusing the issues and creating undue delay. *See* FED. R. EVID. 403. The testimony would also invite jurors to make judgments about the character of the Defendants rather than their participation in the alleged conspiracy. This sort of salacious evidence carries a high risk of unfair prejudice.

Mason's prior testimony will also invite rebuttal by the Government. If the evidence is admitted to show Mason was unfaithful to Kenneth—and thus that Mason and Terrell were acting alone—the Government plans to introduce evidence to undermine that inference, including evidence to show that Kenneth was not only aware of Mason's fling with Terrell but that he approved of "keeping in the family." All of this risks wasting time and confusing the issues, inviting a "mini-trial" on a minimally relevant, but highly distracting issue. *Cf., e.g.*, *United States v. Jimenez*, 513 F.3d 62, 76 (3d Cir. 2008) (holding that "[t]he marginal relevance and the risk of delay and confusion created by a mini-trial to explain [it]" supported the district court's decision to exclude evidence). It thus fails under Rule 403 for that reason as well.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.