IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | CRIMINAL ACTION NO. 15-302 |
| KENNETH HAMPTON, *et al.* | |
| *Defendants*. | |

**PAPPERT, J.**                                                                                June 5, 2017

<u>**MEMORANDUM**</u>

Terrell and Kenneth Hampton were charged with various counts of wire fraud, aggravated identity theft and conspiracy.[1] Five days before trial, Terrell was injured in a car accident. While the full extent of Terrell's injuries is unknown, he reportedly suffered multiple fractures which do not (at least at this time) require surgery. He remains on narcotic pain medication which Terrell's counsel and counsel for the Government agree precludes him from standing trial as scheduled on June 6. The Government has moved to sever Terrell from the case and proceed to trial against Kenneth. Kenneth opposes severance. For the reasons that follow, the Court grants the motion.

**I.**

"There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials "play a vital role in the criminal justice system" by promoting efficiency and also "serve the

---

[1] Ellis Hampton, Kenneth's brother, and Kenneth's then girlfriend Roxanne Mason were also charged. Ellis has since passed away and Mason has pled guilty.

interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Richardson v. Marsh*, 481 U.S. 200, 209–10 (1987).  Accordingly, the Federal Rules of Criminal Procedure permit the Government in an "indictment or information" to "charge [two] or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  FED. R. CRIM. P. 8(b).

This preference is not, however, an absolute rule.  Rule 14(a) provides that the Court "may sever the defendants' trials" if "consolidation for trial appears to prejudice a defendant or the government."  FED. R. CRIM. P. 14(a).  "Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts."  *Zafiro*, 506 U.S. at 541.

## II.

Kenneth, Ellis and Terrell Hampton and Mason were initially indicted on July 7, 2015.  (ECF No. 1.)  Since that time, trial has been continued several times—some at the Defendants' request and some at the request of all parties.  (ECF Nos. 50, 66, 100, 153 & 186.)  Superseding and second superseding indictments were issued, (ECF Nos. 86 & 124), and Kenneth moved to continue the trial when his initial counsel withdrew.  (ECF Nos. 172 & 185.)  The current trial schedule was set on January 6, 2017. (ECF No. 192.)

In support of its motion, the Government asserts that it will be prejudiced by further delay because it "has several victim-witnesses who are infirm or subject to major medical constraints."  (Mot., at 4, ECF No. 263.)  One of its victim-witnesses has already

2

become too ill to testify.[2] The Government also correctly notes that Terrell's status remains unclear: "there is simply no way to predict when Terrell will be well enough to sit through a trial." (*Id.* at 5.) Terrell's counsel acknowledges as much. Without severance, the trial—originally set for September 14, 2015 and postponed five times—would be delayed again, this time indefinitely.

Kenneth contends that the Government will not be prejudiced, but only inconvenienced by further delay. (Resp., at 3, ECF No. 267.) He suggests that "[a]ll of the witnesses that may be otherwise unavailable may be deposed." (*Id.*) Witnesses may be deposed to preserve their testimony, but the possibility of preserving witness testimony does not obviate the Government's prejudice of facing indefinite delay of a trial that has already been delayed numerous times.

Kenneth also contends that he will be prejudiced by severance because his counsel and Terrell's counsel collaborated in case preparation, which included work on various pretrial motions. (Resp., at 4.) In *United States v. Sudeen*, 434 F.3d 384, 387–88 (5th Cir. 2005), the Fifth Circuit rejected this very argument. There, Motillal Sudeen and Jerry Freeman were indicted on counts of conspiracy, wire fraud, travel fraud and money laundering. *Id.* at 387. Trial was scheduled after Sudeen's cardiologist informed the court that he was healthy enough for trial. *Id.* Sudeen and Freeman later moved for a continuance because of a scheduling conflict with Freeman's lawyer. *Id.* The Government opposed the continuance and moved to sever the trial, which the court granted. *Id.* After his conviction, Sudeen argued on appeal that he was prejudiced by

---

[2] Indeed, on April 27, 2017 the Court granted the Government's motion to take the deposition of this witness because she was unlikely to be available for trial due to a recent double lung transplant. (ECF No. 228.) Notwithstanding the Court's Order, the witness's health deteriorated and the Government was unable to take the deposition. (Mot., at 4.)

3

the severance because his lawyer and Freeman's lawyer had prepared their defenses together. *Id.*

The court rejected Sudeen's argument because Sudeen did not "allege prejudice with any specificity" and his counsel "was, by all accounts, well prepared for trial." *Id.* at 388. The court also noted that "the greatest possibility for prejudice appears to have been that to the detriment of the government, if the district court had allowed defendants to proceed jointly [because] [t]he trial had been pushed back four times already, and Sudeen's health problems posed a significant potential for further delay." *Id.* at 388 n.7.

Kenneth, whose counsel is well prepared for trial, has similarly failed to explain with specificity how he will be prejudiced by severance. Kenneth only makes vague references to "compromises" that his counsel made with Terrell's counsel on the assumption that the two would face a joint trial. (Resp., at 4.) This is insufficient to show prejudice to Kenneth. Just as in *Sudeen*, the Government faces "significant potential for further delay" because of one defendant's health problems. 434 F.3d at 388 n.7. It is the Government, not Kenneth, that will be prejudiced if severance is not ordered.

In any event, Kenneth does not have the right to stand trial with Terrell. *See* CHARLES A. WRIGHT & ANDREW D. LEIPOLD, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL § 221 (4th ed.) ("[T]he accused does not have a protected right to be tried with another defendant accused of the same offense, and thus defendant cannot object because a codefendant is severed from the case."); *cf. United States v. Marchant & Colson*, 25 U.S. (12 Wheat.) 480, 482 (1827) (Story, J.) ("Whether . . . prisoners, who are

jointly indicted, can, against their wishes, be tried separately, does not admit of a doubt."); *United States v. Bronson*, 145 F.2d 939, 943 (2d Cir. 1944) (Hand, J.) ("No accused person has any recognizable legal interest in being tried with another, accused with him, though he often has an interest in not being so tried.").

*   *   *

The risk of an indefinite delay of trial is a sufficient risk of prejudice to the Government. Kenneth's suggestion that the Government depose its witnesses in lieu of presenting them live to the jury is insufficient to further delay trial.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.