IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KENNETH HAMPTON | CRIMINAL ACTION<br>NO. 15-302 |

Pappert, J.                                                                                                                                                                   February 26, 2025

**MEMORANDUM**

On March 15, 2024, Kenneth Hampton filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 519.) The Court denied that motion on May 7, 2024. (ECF No. 523.) Hampton appealed the Court's ruling on June 12, 2024, (ECF No. 525), and the Court of Appeals docketed the appeal on June 20, (ECF No. 526). On July 2, Hampton then filed another notice of appeal of the Court's May 7 Order, (ECF No. 528), followed by a July 8 motion for an extension of time to file his appeal, (ECF No. 527).

On July 16, the Court denied the motion for an extension of time, noting that Hampton had on June 12 already filed his notice of appeal, the timeliness of which was for the Third Circuit Court of Appeals to assess. (ECF No. 529.) On July 26, Hampton appealed the Court's July 16 Order and, for the third time, gave his "notice of appeal" of the Court's May 7 Order. (ECF No. 530.) The Court of Appeals docketed that appeal on July 31. (ECF No. 531.)

On October 4, 2024, the appeals court entered an order remanding to this Court the task of determining whether "excusable neglect or good cause exists to extend the time to file a notice of appeal," given that Hampton's notice of appeal "was filed within

1

forty-four days of the District Court's May 7, 2024, order." The Circuit's October 4 order was docketed in that court on October 10, but for some reason never docketed in the District Court until January 7, 2025. (ECF No. 532.)

*

Federal Rule of Appellate Procedure 4(b)(4) permits a district court to grant an extension of up to thirty days beyond the otherwise-applicable deadline to file a notice of appeal "upon a finding of excusable neglect or good cause."

The good-cause prong of Rule 4(b)(4) refers to "situations in which there is no fault — excusable or otherwise" — on the part of the movant. *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 323 n.2 (3d Cir. 2012) (citing Fed. R. App. P. 4 Advisory Committee's Notes on 2002 Amendments). For example, good cause may exist when there is a gap between the date on which the court dockets its order and the date on which the prisoner receives a copy of that order in the mail. *United States v. Boney*, No. 21-1269, 2022 WL 17546951, at *2 (3d Cir. Dec. 9, 2022).

There is no good cause here to extend Hampton's deadline to any date that would help him. His original deadline was May 21, fourteen days after the Court entered its May 7 Order. Fed. R. App. P. 4(b)(1)(A)(i). The only circumstance Hampton raises that was outside his control is an eight-day delay between when the Court entered the May 7 order and when he received it. *See* (ECF No. 527 at 2.) That delay may have warranted an eight-day extension of Hampton's deadline to May 29, but Hampton himself does not contend that he filed his notice of appeal any earlier than June 6. *See* (*id.*)

The excusable-neglect prong refers to situations where the movant is at fault for missing the deadline. *See* Fed. R. App. P. 4 (Advisory Committee's Notes on 2002 Amendments). Determining whether a movant's neglect was "excusable" is an "equitable inquiry" guided by various factors identified in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) and *Consol. Freightways Corp. of Del v. Larson*, 827 F.2d 916, 919 (3d Cir. 1987). *Ragguette*, 691 F.3d at 319, 324. But generally, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 324 (3d Cir. 2012) (internal citations omitted).

Hampton erroneously believes he had thirty days from May 7 to file his notice of appeal, (ECF No. 527 at 2), so the reason for his delay is ignorance of, or a mistake construing, Federal Rule of Appellate Procedure 4. *Pro se* litigants like Hampton are not exempt from the rules of procedure that bind other litigants. *See, e.g.*, *Martinez v. Fudeman*, 742 F. App'x 705, 707 (3d Cir. 2018) (citing *Cordle v. Guarino*, 428 F.3d 46, 49 (1st Cir. 2005) for the proposition that "ignorance of filing deadlines does not excuse untimely filing even by pro se prisoners"). And only in unusual circumstances will a litigant's *pro se* status render his neglect of the rules excusable. *See Alvarado v. D'Ilio*, No. CV 15-3878, 2017 WL 3080749, at *3 (D.N.J. July 19, 2017) (excusing *pro se* prisoner's one-day-late filing where he "knew that he had 30 days to file his appeal but miscalculated the 30-day period"); *United States v. Johnson*, No. CR 08-374, 2020 WL 7608777, at *3–4 (W.D. Pa. Dec. 22, 2020) (excusing *pro se* prisoner's mistaken belief that he had thirty days to appeal rather than fourteen because the case caption

3

included both a civil and criminal docket number). Hampton here has pointed to no such circumstances.

In addition, Hampton's filings do not reflect substantial diligence even to comply with his mistaken thirty-day deadline. His notice of appeal was docketed on June 12, thirty-six days after the May 7 order. (ECF No. 525.) To be sure, Hampton contends that he actually placed his notice in the prison-mail system on June 6, which would have put his filing within the thirty-day window pursuant to Federal Appellate Rule 4(c)(1). But Hampton could not receive the benefit of that Rule because his notice of appeal is not accompanied by any declaration, statement or evidence specified by subsection (c)(1)(A). *See* (ECF No. 525). Hampton is left to rely only on his contention that the government would likely suffer no prejudice if the Court granted the motion and that Hampton's delay probably wouldn't have an effect on any future proceedings, (ECF No. 535 at 2–3), but the mere lack of prejudice is not alone enough to excuse his neglect.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.