**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        v.<br><br>KENNETH HAMPTON | CRIMINAL ACTION<br>NO. 15-302-1 |

**Pappert, J.**                                                                                         **July 9, 2026**

**MEMORANDUM**

In June of 2017, a jury convicted Kenneth Hampton on one count of conspiracy to commit wire fraud, seventeen counts of wire fraud and two counts of aggravated identify theft.  He has since been "steadfast in seeking to escape accountability for his many crimes," (May 7, 2024 Ord. at n.1, Dkt. No. 523.)  He has filed, among other things, a *habeas* petition, (Dkt. No. 412), three motions to reduce or modify his sentence, (Dkt. Nos. 411, 434, 519), a motion "to bring this case to completion," (Dkt. No. 509), and two motions for reconsideration, (Dkt. Nos. 479 & 501.)  He now moves to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the Sentencing Guidelines or to alternatively appoint him counsel.  The Court denies the motion.

I

Section 3582(c)(2) provides:

The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a), if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  Reducing a sentence under this provision is a two-step process.

First, the Court must establish "'the amended guideline range that would have been

applicable to the defendant' had the relevant amendment been in effect at the time of

the initial sentencing." *Dillon v. United States*, 560 U.S. 817, 826 (2010).  Second, the

Court must "consider any applicable § 3553(a) factors and determine whether, in its

discretion, the reduction authorized by reference to the policies relevant at step one is

warranted in whole or in part under the particular circumstances of the case." *Id.*

These reductions "are not wholesale resentencings," and "Congress intended to

authorize only a limited adjustment to an otherwise final sentence . . . within the

narrow bounds established by the Commission." *United States v. Berberena*, 694 F.3d

514, 522 (3d Cir. 2012) (quoting *Dillon*, 560 U.S. at 826, 831).

A

Hampton relies on Part A to Amendment 821.  *See* (May 19, 2026 Letter at 5–13,

Attach. A, Dkt. No. 543).  That amended provision, which applies retroactively, states:

"Add 1 point if the defendant receives 7 or more points under subsections (a) through

(d), and (2) committed the instant offense while under any criminal justice sentence,

including probation, parole, supervised release, imprisonment, work release, or escape

status." U.S. Sent'g Guidelines Manual §§ 1B1.10(a)(1), (d), 4A1.1(e) (U.S. Sent'g

Comm'n 2023).  So a defendant with seven or more criminal history points now receives

one point instead of two if they committed the instant offense while under a criminal

justice sentence. *United States v. Banks*, No. 19-431-3, 2024 WL 919835, at*1 (E.D. Pa.

Mar. 4, 2024).

As the Government acknowledges, § 4A1.1(e) would have been applicable to

2

Hampton had it been in effect at his initial sentencing. *See* (Gov't Resp. in Opp'n at 7, 10, Dkt. No. 545). The Court calculated his criminal history score at 13 based on eleven points from prior convictions and two "status points" because he committed the instant offenses while under a criminal justice sentence. (PSR ¶¶ 57–59.) That score corresponded with criminal history category VI and, at offense level 27, a guideline range of 130 to 162 months for his conspiracy and wire fraud convictions. (*Id.* ¶¶ 59, 99.) But the amended provision adds only one status point, reducing his criminal history score to 12, criminal history category to V, and guideline range to 120 to 150 months. *See* Sent'g Table, Chapter 5, Part A. Accounting for his mandatory consecutive sentence for two counts of aggravated identify theft, which adds twenty-four months to the bottom-end of the range and forty-eight months to the top-end, *see* (PSR ¶ 99), his revised sentencing guideline range is 144 to 198 months.

B

Hampton fails at step two because reducing his sentence would contravene the § 3553(a) sentencing factors. *United States v. Pawlowski*, 967 F.3d 327, 330–31 (3d Cir. 2020). Section 3553(a) directs a court to consider, among other things, the history and characteristics of the defendant, the nature and circumstances of the offense, and the need for the sentence to promote respect for the law, reflect the seriousness of the offense, provide just punishment, deter criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed medical care and avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a); *Pawlowski*, 967 F.3d at 329–30; U.S.S.G. § 1B1.10.

For all the reasons the Court has repeatedly explained, *see* (Dkt. Nos. 431, 446,

3

451, 477, 510, 523), reducing Hampton's sentence would fly in the face of the § 3553(a) factors and there is no need to appoint him counsel, *see United States v. Curry*, 488 F. App'x 616, 617 n.4 (3d Cir. 2012); *Banks*, 2024 WL 919835, at *3.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.